■ SDHARI CASON-PAYANO, Respondent, v THOMAS G. DAMIANO et al., Respondents, and G.S. D'ANTONA LANDSCAPING, INC., Appellant. [871 NYS2d 110]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered on or about April 9, 2008, which, in an action for personal injuries sustained in a slip and fall on ice in a parking lot, insofar as appealed from, denied defendant-appellant's snow removal contractor's motion for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed as against the contractor. The Clerk is directed to enter judgment in favor of defendant G.S. D'Antona Landscaping, Inc. dismissing the complaint as against it.

Plaintiff's theory is that the contractor negligently created or exacerbated a snow-related hazard by piling snow on the sides of the parking lot, rather than removing it, thereby permitting it to melt, trickle into the depressed, uneven area of the lot, and freeze. We reject that theory because it is not supported by the contract or the testimony. While the contractor's contract with defendant property owners obligated the contractor to initiate snow plowing and sanding/salting in the event of "a minimum accumulation of one inch of snow" and to apply sand/salt in the event of "hazardous icy weather conditions" without snow, it expressly relieved the contractor of responsibility "for the uneven pavement areas that continuously retain water/ice" and did not obligate the contractor to inspect the uneven area of the lot to see if melting and refreezing snow were creating a hazardous condition. Given the parameters of the contract, combined with the testimony that the last snowfall was three or four days prior to the accident, no icy weather conditions existed on the day of the accident, and there was no snow piled up in the lot, only patchy areas on the sides of the lot near the stores, it is speculation to assert that the ice on which plaintiff slipped was formed by snow or ice that the contractor negligently piled up or failed to remove. "By merely plowing the snow, [the contractor] cannot be said to have created or exacerbated a dangerous condition" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 142 [2002]). Concur—Andrias, J.P., Nardelli, Moskowitz, Renwick and Freedman, JJ.